Bailey's Estate.

Argued January 19, 1932. Before FRAZER, C. J., SIMPSON, KEPHART, SCHAFFER, MAXEY and DREW, JJ.

338

340

*Frederick L. Ballard,* with him *James Gay Gordon* and *Joseph Carson,* for Emilie Bailey Collet, petitioner, appellant.—The facts which bring this case within the provisions of the act, have been found by the master and the finding of fact by a master have the effect of a verdict by a jury, and cannot be set aside except for clear error: Dale's Est., 8 Pa. Dist. R. 683; Whelen v. Harrison, 16 Phila. 143; Winton v. Mott, 2 Luzerne Law Times 57; Spohn v. Stein, 1 Schuylkill Leg. Rec. 229; Walton v. Whann, 8 Legal Gazette 82; Weller v. Wood, 6 Kulp 526; Kyte v. Kyte, 8 Kulp 1.

As any man may be mistaken in his estimate of the integrity and business capacity of another, when the latter becomes the former's trustee and his unfitness for the position appears to the court, there should be no hesitancy about his removal. If his management of the trust justly subjects him to criticism and to a lack of confidence by the cestui que trust, he should not be continued in control of the estate. The relation of trustee and cestui que trust is one of confidence, and when either

abuses that confidence, he must assume the responsibility. Pleasant personal relations between parties interested in the trust is desirable and it is a duty incumbent upon each to aid in securing that object: Price's Est., 209 Pa. 210, 212; Martin's Est., 4 Pa. Dist. R. 219; Marsden's Est., 166 Pa. 213; Kelly's Est., 28 Pa. Dist. R. 87; Bryson v. Wood, 187 Pa. 366; Neafie's Est., 199 Pa. 307; Hill v. Whiteside, 237 Pa. 340; Tiffany's Est., 5 Pa. D. & C. 727; Gilbert v. Johnson, 49 Pa. Superior Ct. 191.

The judgment of the court below is not a valid judgment: Hanover Twp. S. Dist., 290 Pa. 95; Ebling v. Boro., 244 Pa. 505; Gail v. Phila., 273 Pa. 275; Murray's Petition, 262 Pa. 188; Madlem's App., 103 Pa. 584; Summers v. Kramer, 271 Pa. 189; Stone v. B. & L. Assn., 293 Pa. 161; Carney v. Oil Co., 289 Pa. 588; Waugman v. Henry, 75 Pa. Superior Ct. 94; In re Surcharge of County Commissioners, 12 Pa. D. & C. 471; Sterrett v. MacLean, 293 Pa. 557.

Even if the decree entered in the cause were a proper decree as to the merits of the cause, the costs should not have been put on the petitioner.

*Francis Shunk Brown,* with him *Welsh & Brown,* for appellees, David E. Hilsee, William K. Haupt and Harvey Gourley, trustees.—The testator's choice of trustees should not be set aside by reason of the positions they hold with the Bailey, Banks & Biddle Co.: Lafferty's Est., 154 Pa. 430.

The trustees in the case at bar are testamentary. A distinction is made between testamentary trustees and those appointed by decree on suggestion of proper parties: Bryson v. Wood, 187 Pa. 366, 369.

The fundamental right of property in a testator to name trustees for the care and preservation of his estate, who shall not be removed except for clear error, is a principal supported by the decisions of the Supreme

Court: Stevenson's App., 68 Pa. 101; Neafie's Est., 199 Pa. 307; Brice's Est., 209 Pa. 210.

In the last analysis in all cases, the court has in its discretion the question of the removal of trustees. The orphans' court has entered a decree dismissing the petition of appellant. It was not convinced that substantial ground for removal of the trustees exists: Marsden's Est., 166 Pa. 213; Martin's Est., 4 Pa. Dist. R. 219; Kelly's Est., 28 Pa. Dist. R. 87; Hill v. Whiteside, 237 Pa. 340; Gilbert v. Johnson, 49 Pa. Superior Ct. 191.

The decree signed by Judge GEST is the decision of the orphans' court and was legally and regularly made: Madlem's App., 103 Pa. 485.

*E. C. Shapley Highley*, for appellee, Otto Robert Heiligman, guardian ad litem of Charles Bailey Schaufele et al.—It is submitted, the testator did not intend to have the Lawyer account balanced as of the date of his death by using principal of the estate, but intended that the business, if continued, should work out its own salvation. Since the trustees crossed this evident intention of the testator, it was their duty to repay to the principal of the estate the $29,000 from the income as it accrued in the Lawyer account.

Where an estate is solvent, a testator may exempt the principal from liability for debts: Gilliford's Est., 281 Pa. 582.

The costs should have been borne by the petitioner: Tarr's Est., 10 Pa. Superior Ct. 554.

PER CURIAM, February 3, 1932:

After full consideration of the evidence, oral arguments and opinions of the court below, we have reached the conclusion the decree should be affirmed on the opinion of Judge GEST, filed March 31, 1930, and his supplemental opinion, filed later, except as to the portion of those opinions placing all costs upon petitioner Emilie Bailey Collet. That part of the order embraced in the

opinions referred to is hereby set aside, and in lieu thereof it is ordered that one-half of the costs be paid by the estate of Charles W. Bailey, deceased, one-fourth by Emilie Bailey Collet, petitioner, and one-fourth by the trustees of the estate of Charles W. Bailey, deceased.

In all other respects, the opinion of Judge GEST is adopted by this court, and the decree affirmed for the reasons set forth in that opinion.